## Case No. 3,306.

### COX v. SIMMS.

[1 Cranch. C. C. 238.][1]

Circuit Court, District of Columbia. June Term, 1805.

RIGHTS OF HOLDER OF FOREIGN BILL—PROTEST—NOTICE—ACTION—PLEADING AND PROOF.

1. The holder of a bill before protest, is not affected by a settlement between the drawer and payee.

2. In an action upon protest for non-payment, it is not necessary to show a protest for non-acceptance, nor to give notice of non-acceptance. Reasonableness of notice is to be decided by the jury.

3. In an action by the payee of a bill having two subsequent indorsements in full, it is not necessary for the plaintiff to show a new assignment to himself.

4. If the drawer has no funds in the hands of the drawee he is not entitled to notice of non-payment.

At law. Action of assumpsit. Indorsee against drawer of a foreign bill of exchange for £200 sterling, drawn by Jesse Simms on Stewart, in favor of Fletcher & Otway, and by them indorsed to Cox, dated 10th of September, 1797, at sixty days' sight; presented 14th December, 1797, protested for non-payment 15th February, 1798.

E. J. Lee, for defendant, offered evidence of a settlement between Fletcher & Otway and Simms, subsequent to the date of the bill, but it was rejected by the court; the bill appearing to have been indorsed to the plaintiff before dishonor. Mr. Lee prayed

the court to instruct the jury that the plaintiff cannot recover unless he shows a protest for non-acceptance.

THE COURT stopped Mr. Taylor, who was about to reply; and said they had frequently decided the point and overruled the objection on the authority of Brown v. Barry.

Mr. Lee then prayed the court to instruct the jury, that reasonable notice of the non-acceptance ought to be proved.

THE COURT refused to give the instruction.

Mr. Lee required evidence of notice of non-payment.

Mr. Taylor, for plaintiff, produced the defendant's letter, dated 21st August, 1798, promising to pay the bill, and contended that the jury were to decide whether the notice was reasonable. Mackie's Ex'r v. Davis, 2 Wash. [Va.] 231, Judge Carrington's opinion.

Mr. Lee, contra, cited Stott v. Alexander, 1 Wash. [Va.] 331 and Wood v. Luttrel, 1 Call, 232, that the reasonableness of notice was a question of law arising on the facts.

THE COURT decided that the reasonableness of notice was to be decided by the jury. CRANCH, Chief Judge, contra.

Mr. Lee then objected that as the bill is indorsed by Cox (the plaintiff) to Tucker, and by Tucker in full to William Murdock, the plaintiff cannot recover unless he show a new assignment to him (Gorgerat v. McCarty, 2 Dall. [2 U. S.] 144); but the Court overruled the objection.

THE COURT, at the prayer of the plaintiff's counsel, instructed the jury that if they were satisfied, by the evidence, that Simms had no funds in the hands of Stewart, notice of non-payment was not necessary.